UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANTANA GRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17-cv-00364-TWP-DML |
| DAVID MOSELY, JACE DUNDICH, ALLEN WARD, and RENAIRD SANFORD, | ) ) ) ) |
| Defendants. | ) |

## ENTRY DENYING MOTION TO STAY ACTION PENDING RESOLUTION OF CRIMINAL CHARGES AND DIRECTING FURTHER PROCEEDINGS

This matter is before the Court on the Defendants' Motion to Stay this Action Pending Resolution of Underlying Criminal Case (Filing No. 19), and for instructions based on notice of their defense. On February 3, 2017, Plaintiff Santana Gray ("Gray") filed this civil action alleging that on January 3, 2017 deputy sheriffs David Mosely, Jace Dundich, Allen Ward and Renaird Sanford (collectively, "the Defendants"), subjected him to excessive force in violation of the Eighth Amendment while at the Marion County Jail. On May 26, 2017, the Defendants filed their Answer to the Complaint denying the allegations and asserting the affirmative defense of exhaustion. That same day the Defendants also filed the instant motion to stay this action pending resolution of a related criminal case. For the reasons set forth below, the Court **denies** the Defendants' Motion.

**A.** **Motion to Stay this Action Pending Resolution of Criminal Charges (Filing No. 19)**

The Defendants seek to stay this action pending resolution of state criminal charges. In support of the Motion to Stay, Defendants explain the following: 1) Gray was charged with Battery Resulting in Bodily Injury to a Public Safety Officer for allegedly striking Mosely on January 3,

2017; 2) the charge against Gray is currently pending in the Marion Superior Court under Cause No. 49G06-1701-F5-000464; and 3) the criminal case is directly related to the civil claim proceeding in this action. The Defendants argue that it is appropriate to stay this action consistent with *Younger v. Harris,* 401 U.S. 37 (1971), and *Wallace v. Kato,* 549 U.S. 384 (2007), because this Court should not rule on federal claims that may interfere with ongoing state proceedings.

Gray's response (docketed incorrectly as a motion[1]) ([Filing No. 22](#)), argues that the Complaint acknowledges that he struck defendant Mosely and that after he was handcuffed and non-combative he was assaulted by the Defendants. Given the facts alleged in the Complaint, even if Gray is convicted of the state criminal charge he can still prevail in this civil rights action.

The Court agrees with Gray's assessment. There is no dispute in this civil case that Gray struck one of the Defendants. Accordingly, nothing is gained from staying this action pending resolution of the state criminal charges. The Motion to Stay, ([Filing No. 19](#)), is **denied.**

B.  **Development of Affirmative Defense Regarding Asserted Failure to Exhaust Available Administrative Remedies**

The Defendants have asserted the affirmative defense that Gray failed to exhaust his administrative remedies prior to filing this lawsuit. This defense must be resolved before reaching the merits of this case. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit."). Accordingly, the Defendants shall have **through Thursday, September 14, 2017,** in which to either: 1) file a dispositive motion in support of the affirmative defense that

---

[1] The **Clerk is directed** to terminate the motion flag associated with Dkt. 22. This filing is a response to the Defendants' motion.

Gray failed to exhaust his administrative remedies prior to filing this lawsuit, 2) notify the Court that this affirmative defense is not amenable to resolution through a dispositive motion, or 3) notify the Court that the Defendants will not pursue the affirmative defense of failure to exhaust. If a dispositive motion is filed, Gray shall have **thirty (30) days** from the date of the filing in which to respond. The Defendants shall then have **fifteen (15) days** in which to reply.

Proceedings and deadlines unrelated to the resolution of this affirmative defense are **stayed.**

**SO ORDERED.**

Date: 8/14/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Santana Gray, #195819
Pendleton Correctional Facility
Electronic Service Participant -- Court Only

Andrew J. Upchurch
OFFICE OF CORPORATIION COUNSEL
CITY OF INDIANAPOLIS
andrew.upchurch@indy.gov

Lauren Nicole Hodge
OFFICE OF CORPORATIION COUNSEL
CITY OF INDIANAPOLIS
lauren.hodge@indy.gov