UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANTANA GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00364-TWP-DML |
| | ) |
| DAVID MOSELY, JACE DUNDICH, | ) |
| ALLEN WARD, and RENAIRD SANFORD, | ) |
| | ) |
| Defendants. | ) |

## ENTRY DISCUSSING MOTION FOR SUMMARY JUDGMENT

*Pro se* Plaintiff Santana Gray ("Mr. Gray"), who is incarcerated at Pendleton Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 against Defendants David Mosely ("Deputy Mosley"),[1] Jace Dundich, ("Deputy Dundich"), Allen Ward ("Deputy Ward"), and Renaird Sanford ("Deputy Sanford") (collectively, "Defendants"), alleging that the Defendants used excessive force against him while he was incarcerated at the Marion County Jail awaiting a post-conviction hearing. Deputies Dundich and Ward seek summary judgment because they were not present at the events alleged by Mr. Gray. Deputy Sanford seeks summary judgment on the basis of qualified immunity. Dkt. [35]. Deputy Mosley does not seek summary judgment. Mr. Gray responded to the Motion and the Defendants replied. The Motion is now ripe for review.

### I. STANDARD OF REVIEW

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v.*

---

[1] In his waiver of service form, the Defendant spelled his last name as Mosley. **The Clerk is directed to update** the docket to reflect the correct spelling of his name. This Entry will refer to Defendant by the correct spelling of his name.

*Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II. FACTUAL BACKGROUND

The following statement of facts was evaluated pursuant to the standard set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Gray as the non-moving party. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

On January 3, 2017, Mr. Gray arrived at Marion County Jail's book-in, awaiting his post-conviction hearing. While there, Deputy Mosley handed Mr. Gray the wrong size of clothing. This led to an "exchange of words" between the two men and Deputy Mosley used a racial slur. Mr. Gray then struck Deputy Mosley. Thereafter, Mr. Gray laid face down on the ground with his hands in front of him. Deputy Sanford then used his body weight to sit on or "straddle" Mr. Gray and handcuffed him. Deputy Sanford continued to sit on Mr. Gray while other officers beat him.

The Defendants have produced affidavits and timecards that demonstrate that Deputies Dundich and Ward were not working at the time the alleged incident occurred. Dkts. [36]-2, [36]-3, [36]-8, [36]-9. Mr. Gray does not dispute this in his response, (Dkt. [45]), although he alleges that these Defendants investigated the incident and are needed as witnesses at trial.

### III. DISCUSSION

**A.  Deputy Dundich and Deputy Ward**

The undisputed evidence shows that Deputy Dundich and Deputy Ward were not working at the time of the incident and therefore could not have been involved in the assault of Mr. Gray. Although he asserts that they later investigated the incident, and that they are needed as witnesses at trial, these assertions do not support any constitutional claim against Deputies Dundich or Allen Ward. "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). Furthermore, these individuals can testify at trial regarding their investigation without being defendants.

Because Deputy Dundich and Deputy Ward were not present when the incident occurred, they are entitled to summary judgment on Mr. Gray's excessive force claim against them.

**B.  Deputy Sanford**

Deputy Sanford asserts that he is entitled to qualified immunity. Qualified immunity protects government officials from liability "when they act in a manner that they reasonably believe to be lawful." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). Put another way, government officials performing discretionary functions are entitled to qualified immunity if

their conduct could reasonably have been thought consistent with the rights they are alleged to have violated. *Borello v. Allison*, 446 F.3d 742, 746 (7th Cir. 2006) (citing *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1013 (7th Cir. 2006)). Qualified immunity not only protects a defendant from liability, but also from the burden of standing trial. *Id*. As such, "courts should determine as early on in the proceedings as possible whether a defendant is entitled to qualified immunity." *Id.*

When presented with a qualified immunity defense, the court must first "(1) determine whether the plaintiff has alleged the deprivation of an actual constitutional right and, (2) if so, determine whether that right was clearly established at the time of the alleged violation." *Sparing v. Village of Olympia Fields*, 266 F.3d 685, 688 (7th Cir. 2001) (*citing Saucier v. Katz*, 533 U.S. 194 (2001)). Although qualified immunity is an affirmative defense, the burden of defeating an assertion of qualified immunity rests with the plaintiff. *Id*. (*citing Spiegel v. Cortese*, 196 F. 3d 717 (7th Cir. 1999)). Accordingly, Mr. Gray bears the burden of showing that the constitutional right allegedly violated was clearly established before Deputy Sanford acted by offering either a closely analogous case or evidence that Deputy Sanford's conduct so patently violated the constitutional right that reasonable officials would know so without guidance from the courts. *Gossmeyer v. McDonald*, 128 F.3d 481, 496 (7th Cir. 1997) (*citing Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993)).

The "clearly established" standard requires the contours of the right to be sufficiently clear such that a reasonable official would understand that what he is doing violates that right. *Wilson v. Layne*, 526 U.S. 603, 614-15 (1999); *Doe v. Bobbitt*, 881 F.2d 510, 511 (7th Cir. 1989). In ascertaining whether a particular right has been "clearly established," the Seventh Circuit looks either to binding precedent from the U.S. Supreme Court or this Circuit or, in the absence of

controlling authority on point, such a clear trend in the case law that the recognition of the right by a controlling precedent was merely a question of time. *Donovan v. City of Milwaukee*, 17 F.3d 944, 952 (7th Cir. 1994).

Here, the undisputed facts are that Mr. Gray laid down on the ground after punching Deputy Mosley. Deputy Sanford straddled Mr. Gray and handcuffed him. He then restrained Mr. Gray until other deputies arrived. Deputy Sanford continued to straddle Mr. Gray as other deputies beat Mr. Gray. While it was clearly reasonable for Deputy Sanford to handcuff Mr. Gray, facilitating the use of excessive force by other officers by sitting on Mr. Gray while other officers beat him is so patently unconstitutional that reasonable officers would know that such conduct was unconstitutional without guidance from the courts. This claim may be more accurately described as a failure to protect claim. *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005) ("This court has repeatedly held that pleaders in a notice system do not have any obligation to plead legal theories."). Therefore, Deputy Sanford is not entitled to qualified immunity.

## IV. CONCLUSION

For the reasons explained, the Defendants' Motion for Summary Judgment, Dkt. [35], is **GRANTED** as to defendants Jace Dundich and Allen Ward, and **DENIED** as to Renaird Sanford. No partial final judgment shall issue at this time. The **Clerk is directed to terminate** defendants Jace Dundich and Allen Ward as defendants in this action. The excessive force and failure to protect claims remain pending against defendants David Mosley and Renaird Sanford, respectively.

**The Clerk is also directed** to correct the spelling of defendant David Mosley's last name on the docket.

5

The Magistrate Judge is requested to set a status conference to direct the further development of this action, including a settlement conference.

**SO ORDERED**.

Date: 8/29/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Santana Gray, #195819
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Grant E. Helms
OFFICE OF CORPORATION COUNSEL – CITY OF INDIANAPOLIS
grant.helms@indy.gov

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL – CITY OF INDIANAPOLIS
andrew.upchurch@indy.gov

Magistrate Judge Debra McVicker Lynch